## MARY G. ROGERS *vs.* OTIS DANIELL & others.

If a testator by his will, executed in his last sickness, creates a fund and directs the trustees thereof to pay over to each of his children a certain sum, but provides that "any legal debt due from either of said children to my estate at the time of my decease shall first be deducted by said trustees, and the balance only be paid over to such child as aforesaid," a married daughter is entitled to receive the whole sum so directed to be paid, without deduction, although she had signed notes with her husband to her father for moneys furnished to her husband by her father, which the latter held at the time of the execution of the will and of his death, and upon which he had collected interest in his lifetime, and which he included in a memorandum of his assets, and although for other sums advanced by him to her and to others of his children he had taken no notes and made no charge, and no debts were due to him from any of his children, unless these notes and a similar one executed by another married daughter and her husband are to be regarded as such.

If a testator directs the trustees of a fund created by his will to pay over to each of his children a certain sum, an action at law may be maintained by one of the children to recover the same, if the fund is sufficient, and the only matter in dispute is whether the legacy is subject to certain deductions under another clause of the will.

CONTRACT against trustees appointed by the will of Moses Grant, to recover a legacy.

It was agreed that Moses Grant, on the 6th of April 1861, in his last illness, and about three and a half months before his death, executed his will, which contained the following provisions, amongst others:

" Fourth. I give and bequeath unto Otis Daniell, Nathaniel Walker and Moses P. Grant, all of said Boston, and their heirs and assigns, the sum of seventy-five thousand dollars, but in trust, nevertheless, to be held, managed and disposed of as follows, to wit: to safely invest the same (or so much thereof as shall not at any time be paid out) for the benefit of my children here named, to wit: Moses P. Grant, Mary G. Rogers, wife of George H. Rogers, Susan W. S. Walker, wife of Nathaniel Walker, Francis E. Grant and Sarah B. Grant, who may survive me, and the issue of such of them as may have deceased, by right of representation ; and to pay over to each of such children, or their respective issue, as aforesaid, the sum of fifteen thousand dollars, or part thereof at a time, as and whenever it shall be demanded in writing of said trustees. Provided, however, that any legal debt due from either of said children to my estate at the time of my decease, shall first be deducted by said trustees, and the balance only be invested for the benefit of, or paid over to, such child as aforesaid."

The testator left sufficient assets for the payment of his debts and legacies, and the trustees received from the executors the above named sum of seventy-five thousand dollars.   He also left the five children above named, and the issue of one deceased child, for whom provision was made in another part of the will. The plaintiff was married in 1850, and has since lived with her husband in Baltimore, Maryland.   During the testator's life he supported his unmarried daughters, and made to them an allowance, for which he made no charge.   Mr. Rogers after his marriage was in embarrassed circumstances, and failed in business twice, and Mrs. Rogers received money from her father, not charged against her, and of which he preserved no evidence. He also paid certain sums, amounting in all to $9800, for which

he took notes, dated respectively in 1854, 1856 and 1859, signed by George H. Rogers and Mary G. Rogers, most of which were made payable jointly and severally, and all upon demand with interest. Upon several of these notes an indorsement of interest paid had been entered. This interest was paid by Mr. Rogers. The money for which the first of these notes was given was paid chiefly to Mr. Rogers, and was chiefly applied to family expenses. The other notes were given for money used by Mr. Rogers in his business. The notes were all executed and dated in Baltimore, and no place of payment was named in them. The testator also paid $2000 to his daughter Susan W. S. Walker, at or after her marriage, for which he took a note signed by herself and her husband, jointly and severally, which was unpaid at the time of his death. No other pecuniary transactions between him and his daughters are known; and there is no evidence of any debt due from his son at the time of his death, or of the making of the will. The above notes were included by him in a memorandum of his assets left at his death. The daughters had no separate estate, till his death. A due demand was made by the plaintiff, but the trustees declined to pay any more than the balance, after deducting the amounts of the several notes signed by the plaintiff.

Upon these facts, which were agreed to, so far as the same would be competent evidence, the case was reserved by *Merrick,* J. for the determination of the whole court.

*D. H. Mason & F. W. Hurd,* for the plaintiff. The notes were not legal debts, under the laws of Maryland or of Massachusetts. *Burton* v. *Marshall,* 4 Gill, 487. *Griffith* v. *Clarke,* 18 Maryland, 457. *Koontz* v. *Nabb,* 16 Maryland, 549. *Parker* v. *Simonds,* 1 Allen, 258. A legal debt is a debt which can be enforced at law. The intent of the testator must be ascertained from his words. Courts are not to speculate as to the sense in which a testator used language. Wigram on Wills, 17. *Cole* v. *Goble,* 13 C. B. 445. *Winder* v. *Lawes,* 7 Ad. & El. 195. *Clarke* v. *Cordis,* 4 Allen, 480. There was a possibility that legal debts might exist at the time of his death. The intent to provide equally for his children is consistent with the construction

contended for. The executors still hold the notes against the plaintiff's husband, for the money lent to him. But whatever may have been the actual intent of the testator, the words used by him are susceptible of but one meaning, and must be taken as they stand. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188. *Brown* v. *Saltonstall*, 3 Met. 423.

This action may be maintained, under Gen. Sts. *c.* 113, § 3, even if the plaintiff's remedy is in equity. See *Currier* v. *Howard*, 14 Gray, 511; *Irvin* v. *Gregory*, 13 Gray, 215; *Scovill* v. *Kinsley*, Ib. 5. But independently of the statute, the action would lie. *Buttrick* v. *King*, 7 Met. 20. *Arms* v. *Ashley*, 4 Pick. 71.

*F. E. Parker*, for the defendants. The testator designed to make the shares of his children equal, and he must have considered each of his children to be capable of contracting a legal debt. It is apparent that he considered the notes of the plaintiff legal debts, because there were no other outstanding pecuniary matters between him and his children, except the similar transaction with Mrs. Walker; and there could have been no expectation of further pecuniary dealings with his children in his lifetime. He took and preserved these notes, the most of which bore her separate promise, collected interest upon them, took and preserved another similar note from the other daughter, included them all in his memorandum of assets, and kept no account of his other payments to them. He thus clearly distinguished between payments which he regarded as gifts and those which he regarded as loans. It is no answer to this to say that these notes were not in fact legal debts. If he mistook the law, such mistake will not stand in the way of his plain intention. *Haven* v. *Foster*, 9 Pick. 112. It does not appear that he had made any previous will; and if not, these payments would have been treated as advancements. Rev. Sts. *c.* 61, § 9. *Hartwell* v. *Rice*, 1 Gray, 593. *Paine* v. *Parsons*, 14 Pick. 318. And in leaving a will, he took pains to preserve what he had been accustomed to consider as the most legal form of a debt.

The plaintiff's remedy, if any, is in equity. This is a testamentary trust, not yet executed. No final account has been

stated. See Story on Eq. §§ 962, 975; Hill on Trustees, 518; 1 Spence on Eq. 576; Lewin on Trusts, 20. An action at law cannot by amendment be changed into a bill in equity. *Hayward* v. *Hapgood,* 4 Gray, 439. *Darling* v. *Roarty,* 5 Gray, 71. In an action at law, the trustee has no opportunity to obtain equitable allowance on an account, or to settle his compensation, or to deduct losses incurred without his fault.

DEWEY, J. The plaintiff seeks to recover of the defendants payment of $15,000, alleged to be due to her from them as trustees under the will of Moses Grant. The defendants insist that the whole sum demanded is not due to her, under the provisions of the will, but that a large sum is to be deducted from the sum of $15,000, on account of the indebtedness of the plaintiff to the estate of the testator at the time of his decease. They rely upon the clause of the will following that of the gift of $15,000, to be paid to her whenever it shall be demanded in writing, " provided, however, that any legal debt due from either of said children to my estate at the time of my decease shall first be deducted by said trustees, and the balance only paid over to such child." The existence of such legal debt due to the estate is of course to be shown by the defendants. Such indebtedness is attempted to be established by the production of several promissory notes signed by the plaintiff and her husband, George H. Rogers, all executed at Baltimore, and at various periods from 1854 to 1859. Upon some of these notes interest had been indorsed, and they were all included in a memorandum of assets left by the testator. The inquiry is, whether these notes constitute " legal debts " due from the plaintiff to the estate of Moses Grant, or can properly be treated as debts to be deducted from the $15,000 payable to the plaintiff.

The plaintiff was, at the time of the execution of these notes, a married woman, living with her husband in Baltimore, and having no separate estate of her own. It appears that, by the law of Maryland, such signatures of notes by a married woman would create no legal obligation on her part. The contracts having been there entered into, we suppose that the position

taken by the plaintiff is correct, that their validity and her capacity to contract must be decided in reference to the laws of that state. But it seems, also, that the notes would be equally invalid, as to Mary G. Rogers, under the laws of Massachusetts. They were not contracts in respect to any separate property, trade or business of the wife, and she held no separate estate, and none was charged with any legal or equitable liability for the payment of these notes. They were valid contracts on the part of her husband, and might be deemed assets of the estate of Moses Grant, but they were not legal debts of Mrs. Rogers.

Indeed, the whole question here seems to be whether, by a latitudinarian construction of the phrase "legal debt," the court cannot say that these notes are embraced within its terms. In support of this view, the argument is pressed upon us that the surrounding circumstances all tend to show that such must have been the intention of the testator; and that no other legal debts of his children are known to exist, to which these words could refer. It is said that the intention of the testator is to govern. That is true; but such intention is to be found in the words of the will, where the same are clearly stated. The phrase "legal debt" must certainly mean a debt which can be enforced in a court of law. These promissory notes signed by the plaintiff could not be enforced in a court of law against her, nor are they contracts for which she would be liable in a court of equity. The testator may have had a different view of their legal effect; but, having used plain and direct words, we must understand him in the sense which his language imports. *Barrus* v. *Kirkland*, 8 Gray, 512.

It would have been very easy for the testator to refer to these notes, and direct that they should be deducted from the portion given to the plaintiff. But as he has not done so, and has used language which does not include them as subjects of deduction, we must give to the words of the will their plain and natural meaning. The result is, therefore, that these notes are not "legal debts" of Mrs. Rogers, and are not to be deducted from the $15,000 legacy.

The court are also of opinion that, upon the peculiar facts of

the present case, no sufficient objection exists to the plaintiff's right to recover in the present form of action the sum that may be due to her under the fourth clause in the will. As a general rule, a claim against trustees must be enforced by a suit in equity. The character of trusts, the various persons to be made parties, and the proper adjustment of the matters connected with trusts, alike point to such a course of proceeding, rather than to an action at law. But to this general rule there are exceptions, as in the cases of *Buttrick* v. *King*, 7 Met. 20, and *Arms* v. *Ashley*, 4 Pick. 71.

The only question here in controversy is, that of the legal effect of the provision in the will of Mr. Grant, requiring a deduction, from the amount given in trust for the plaintiff, of any legal debts due from the plaintiff to the testator at the time of his decease, and whether, under this clause in the will, certain promissory notes purporting to be signed by the plaintiff and her husband should be deducted from her legacy. The defendants admit the holding of the money placed in trust by the testator for the benefit of the plaintiff, and payable to her whenever she should demand it in writing. They admit the demand, and aver their readiness and an offer to pay to the plaintiff what they allege is the balance remaining of said $15,000, after deducting the amount of the promissory notes. There is no suggestion that the funds placed in the hands of the trustees have depreciated, or that the rights of other *cestuis que trust* under the same provisions will be injuriously affected by a recovery in the present action.

This case is also before this court upon a statement of facts, which form of presenting it clearly waives all technical objections to the present declaration, and would only raise the question whether in any form of an action at law the plaintiff would be entitled to recover this legacy.

*Judgment for the plaintiff.*